```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DURIM ISUFI and ENVER KLLOGJERI,                    :
Individually and on behalf of all other persons     :
similarly situated who were employed by             :
PROMETAL CONSTRUCTION, INC., with                   :
respect to certain Public Works Projects awarded by :
THE CITY OF NEW YORK, THE NEW YORK                  :
CITY HOUSING AUTHORITY,                             :
                                                    :    Case No. 12-CV-5225 (JBW) (RLM)
                            Plaintiffs,             :
                                                    :
            -against-                               :
                                                    :
PROMETAL CONSTRUCTION, INC. and STV                 :
CONSTRUCTION, INC.,                                 :
                                                    :
                            Defendants.             :
------------------------------------------------------------------X
```

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF THEIR CROSS-MOTION TO DISMISS
### AND IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

                                                **TARTER KRINSKY & DROGIN LLP**
                                                *Attorneys for Defendant*
                                                *Pro-Metal Construction, Inc.*

                                                **BAHN MULTER & GOLD, LLP**
                                                *Attorneys for Defendant*
                                                *STV Construction, Inc.*

 

On the brief:

Eric Su, Esq. (ES-0626)
Eva M. Young, Esq. (EY-1791)

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

PERTINENT FACTUAL AND PROCEDURAL HISOTRY .....................................................1

   A.    The Complaint.................................................................................................................1

THE APPLICABLE LEGAL STANDARDS ...............................................................................3

ARGUMENT.................................................................................................................................5

   POINT I   ALL CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT PLEAD THEIR CAUSES OF ACTION WITH SUFFICIENT PARTICULARITY AND BASED UPON DOCUMENTARY EVIDENCE THAT IS INTEGRAL TO THE COMPLAINT .................................................................................5

   POINT II   THE COMPLAINT IS SUBJECT TO DISMISSAL BECAUSE PLAINTIFFS ARE WITHOUT A PRIVATE RIGHT OF ACTION TO COLLECT ALLEGED UNDERPAYMENT OF WAGES UNDER THE DAVIS BACON ACT ..................................................................................................................................8

   POINT III   PLAINTIFFS' MOTION TO REMAND MUST BE DENIED IN ITS ENTIRETY BECAUSE PLAINTIFFS' CLAIMS ARE NOT SUBJECT TO STATE LAW ................................................................................................................11

CONCLUSION............................................................................................................................15

# **TABLE OF AUTHORITIES**

## **Cases**

*Acosta v. The Yale Club*,
  94 Civ. 0888 (KTD), 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995) ........................................7

*Ashcroft v. Iqbal*
  556 U.S. 662, 129 S. Ct. 1937 (2009) ..............................................................................3, 7

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544, 127 S. Ct. 1955 (2007) ..............................................................................3, 7

*Broder v. Cablevision Systems Corp.*
  418 F.3d 187 (2d Cir. 2005) ..............................................................................3, 8, 11, 13

*Chambers v. Time Warner, Inc.*
  282 F.3d 147 (2d Cir. 2002) ...................................................................................................3

*Chan v. City of New York*,
  1 F.3d 96 (2d Cir. 1993) ..................................................................................................8, 9

*Davis v. United Air Lines, Inc.*,
  575 F. Supp. 677 (E.D.N.Y. 1983) ........................................................................................9

*Day An Zhang v. L.G. Apparel Inc.*,
  No. 09-CV-3240 (KAM), 2011 WL 900183 (E.D.N.Y. Feb. 18, 2011) ..............................7

*Donovan v. Rothman*,
  106 F. Supp. 2d 513 (S.D.N.Y. 2000) ...................................................................................4

*Eldred v. Comforce Corp.*,
  No. 3108-CV-1171 (LEK/DEP), 2010 WL 812698 (N.D.N.Y. Mar. 2, 2010) .................10

*Empire Healthchoice Assur., Inc. v. McVeigh*,
  547 U.S. 677, 126 S. Ct. 2121 (2006) ...........................................................................14 n.7

*Florida Lime and Avocado Growers, Inc. v. Paul*,
  373 U.S. 132, 83 S. Ct. 1210 (1963) ....................................................................................13

*Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*,
  463 U.S. 1, 103 S. Ct. 2841 (1983) ..................................................................................4, 14

*Gade v. National Solid Wastes Mgmt. Ass'n*,
  505 U.S. 88, 112 S. Ct. 2374 (1992) ....................................................................................13

*Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg*,
  545 U.S. 308, 125 S. Ct. 2363 (2005) .....................................................................11, 12, 13

*Grochowski v. Phoenix Constr.*
    318 F.3d 80 (2d Cir. 2003) ................................................................................ *passim*

*Hines v. Davidowitz,*
    312 U.S. 52, 61 S. Ct. 399 (1941) ...................................................................... 13 n.6

*In re Agent Orange Prod. Liab. Litig.,*
    996 F.2d 1425 (2d Cir. 1993) ...................................................................................5

*International Paper Co. v. Ouellette,*
    479 U.S. 481, 107 S. Ct. 805 (1987) ................................................................. 13 n.6

*Joza v. WW JFK LLC,*
    07-CV-4153 (ENV) (JO), 2010 WL 3619551 (E.D.N.Y. Sept. 10, 2010) ....................7

*Karahalios v. Nat'l Fed'n of Employees, Local 1263,*
    489 U.S. 527, 109 S. Ct. 1282 (1989) ....................................................................10

*Madeira v. Affordable Hous. Found., Inc.,*
    469 F.3d 219 (2d Cir. 2006) .....................................................................................6

*Marcus v. AT&T Corp.,*
    138 F.3d 46 (2d Cir. 1998) .......................................................................................5

*Merrell Dow Pharms., Inc. v. Thompson,*
    478 U.S. 804, 106 S. Ct. 3229 (1986) ......................................................................4

*Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,*
    453 U.S. 1, 101 S. Ct. 2615 (1981) ........................................................................10

*Sampson v. Medisys Health Network Inc.,*
    10 Civ. 1342 (SJF)(ARL), 2011 WL 579155 (E.D.N.Y. Feb. 8, 2011) .....................7

*Seidel v. Hoffman Floor Covering Corp.*
    09-CV-4027 (JS) (WDW), 2012 WL 3064153 (E.D.N.Y. July 26, 2012) ............. 5-6

*Sobczak v. AWL Indus., Inc.,*
    No. 07 Civ. 1226 (BMC) (RRR), 2007 WL 4934239 (E.D.N.Y. Oct. 22, 2007) .... 8-9

*West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.,*
    815 F. 2d 188 (2d Cir. 1987) ....................................................................................4

*Zebzda v. Tenavision, Inc.,*
    No. 06 Civ. 13123 (DFE), 2008 WL 868112 (S.D.N.Y. Mar. 31, 2008) ..................8

*Zhong v. August August Corp.,*
    498 F. Supp. 2d 625 (S.D.N.Y. 2007) ......................................................................7

**Statutes**

12 NYCRR § 142-2.2 ..................................................................................................................3

12 NYCRR § 142-3.2 .......................................................................................................6, 6 n.3

28 U.S.C. § 1331 .......................................................................................................................11

29 U.S.C. § 207(a)(1) ..................................................................................................................7

29 U.S.C. § 1331 .........................................................................................................................4

40 U.S.C. § 3141 .........................................................................................................................9

NY Labor Law § 663 ...................................................................................................2, 6, 6 n.2

**Other Authorities**

A.B. 6963, 2009 232nd Leg., Reg. Sess. (N.Y. 2009) ............................................................6 n.2

United States Department of Labor Field Operations Handbook of October 25, 2010 § 15d00 ..................8

**Rules**

Fed. R. Civ. P. 12(b)(1) ..............................................................................................................1

## PRELIMINARY STATEMENT

Defendants, Pro-Metal Construction, Inc. (wrongly named in the caption as "Prometal Construction, Inc.") ("Pro-Metal") and STV Construction, Inc. ("STV") (collectively, "Defendants"), respectfully submit this Cross-Motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6) seeking dismissal of all claims brought by Plaintiffs and in opposition to Plaintiffs' motion to remand. As more fully set forth herein, Defendants seek dismissal of all of Plaintiffs' claims on the grounds that Plaintiffs are without a private right of action under the Davis Bacon Act (the "DBA") and that the DBA preempts Plaintiffs' common law and state labor law causes of action. Defendants further request that the Court deny Plaintiffs' Motion to Remand in its entirety as Plaintiffs' right to relief on the claims asserted in the Complaint necessarily depends on resolution of a substantial question of federal law.

## PERTINENT FACTUAL AND PROCEDURAL HISOTRY

This is an action brought by former employees of Pro-Metal for alleged failure by Defendants to pay prevailing wage and overtime require by the Davis Bacon Act (the "DBA") for labor furnished in connection with a federally funded New York City Housing Authority ("NYCHA") public improvement, the Walt Whitman and Raymond V. Ingersoll Houses in Brooklyn, New York (the "Project"). Plaintiffs originally commenced this action on September 19, 2012 in the Supreme Court of the State of New York, County of New York under Index No. 653265-2012. Defendants filed a Notice of Removal with this Court on October 18, 2012.

A.  *The Complaint*

Plaintiffs commenced a class action seeking to collect alleged unpaid prevailing wages and/or supplemental benefits for roofing work they performed for Pro-Metal at the Project. *See* Compl. at ¶¶ 1-3 & 17. The Complaint alleges that Pro-Metal was a subcontractor to STV. *Id.* at

¶¶ 2-3. The Complaint alleges that a schedule of prevailing rates of wages and supplements was annexed and formed as a part of the contract between STV/and or Pro-Metal and NYCHA. *Id.* at ¶ 16. The Complaint further alleges that Pro-Metal and STV failed to pay (or "ensure" that Plaintiffs are paid) prevailing and overtime wages. *Id.* at ¶¶ 18 & 19.

It is unclear from the allegations in the Complaint as to the number of contracts under which Plaintiffs allege their claims arise. While the Complaint alleges that STV and/or Pro-Metal entered into *a* contract with NYCHA in connection with the Project, which is defined as the "Public Works Contract", it he refers to the "Public Works Contracts" but never defines any additional contracts. *Id.* at ¶¶ 13-16, 22 and 29. Additionally, the Complaint generally fails to specify the capacity under which Plaintiffs performed work for Pro-Metal (*e.g.* as employees of Pro-Metal or Pro-Metal's subcontractors or suppliers). The Complaint, alleges that Plaintiffs "furnished labor" or "worked for" for Pro-Metal, but fails to plead an employer/employee relationship between Pro-Metal and Plaintiffs. *Id.* at ¶¶ 2-3. While Plaintiffs were able to allege with some kind of specificity as to the content of the contract(s) between STV (and/or Pro-metal) and NYCHA (*i.e.* that a schedule of prevailing rates and supplemental benefits is annexed to each such contract), Plaintiffs failed to allege that the wage rates and payments thereof in connection with the Project were governed by the DBA. The Complaint further fails to plead the fact that the Project is federally funded.

The Complaint contains three causes of action. The first cause of action alleges that Pro-Metal breached its contract with NYCHA by "failing to ensure" that Plaintiffs are paid prevailing wages, and that Plaintiffs, as third-party beneficiaries to the contract, are entitled to seek damages against Pro-Metal for its breach of this contract. *Id.* at ¶¶ 21-24. By the second cause of action, Plaintiffs contend that Pro-Metal violated NY Labor Law § 663 and 12 NYCRR 142-

2.2 by filing to pay Plaintiffs overtime compensation for the time they worked in excess of forty hours per week. *Id.* at ¶¶ 26 & 27. The third-cause of action alleges that STV breached its own contract with NYCHA by "failing to ensure" that Plaintiffs are paid prevailing wages, and that Plaintiffs, as third-party beneficiaries to the contract, are entitled to seek damages against STV for its breach of this contract. *Id.* at ¶¶ 29-32.

## THE APPLICABLE LEGAL STANDARDS

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a patently plausible claim to relief. *Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S. Ct. 1937, 1949 (2009)* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). In this regard, and as relevant to this case, a court should not accept allegations that are nothing more than legal conclusions. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (Internal citations omitted). Indeed, a complaint that merely pleads facts which are consistent with a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 696, 129 S. Ct. at 1960 (quoting *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966). It is against this backdrop that the instant Complaint must be viewed.

Moreover, "[w]here a plaintiff has 'reli[ed] on the terms and effect of a document in drafting the complaint,' and that document is thus 'integral to the complaint,' [the court] may consider its contents even if it is not formally incorporated by reference." *Broder v. Cablevision Systems Corp.,* 418 F.3d 187, 196 (2d Cir. 2005) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). Here, Plaintiffs' claims can only feasibly arise directly from the

Contracts[1] and therefore, the terms of the Contracts should be considered when deciding applicability of federal versus state law in the context of Defendants' instant Motion to Dismiss.

Further, it is well-established that the DBA does not provide for a private right of action and Plaintiffs must exhaust their administrative remedies under the DBA before they may pursue any remedies in court. *See, e.g., Grochowski v. Phoenix Constr.*, 318 F.3d 80 (2d Cir. 2003). Since the Contract is specifically governed by Davis Bacon, Plaintiffs cannot maintain the instant proceeding.

On the issue of this Court's jurisdiction over Plaintiffs' claims, 29 U.S.C. § 1331 grants federal courts jurisdiction over actions arising under federal law. "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.' " *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) (citing *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10, 103 S. Ct. 2841, 2846 (1983)). A case may arise under federal law when "... some substantial, disputed question of federal law is a necessary element" of state claims in a well-pleaded complaint; therefore, determination of the underlying disputes depends on the interpretation or application of federal law. *Merrell Dow Pharms., Inc., 478 U.S. at 813, 106 S. Ct. At 3234.* "[C]ourts have found that removal to federal court is proper where the state action simply provides the vehicle for 'the vindication of rights and ... relationships created by federal law.'" *Donovan v. Rothman*, 106 F. Supp. 2d 513, 517 (S.D.N.Y. 2000) (alteration in original) (quoting *West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F. 2d 188, 196 (2d Cir. 1987)). Courts have referred to this second test as the artful pleading doctrine, a legal

---

[1] While Plaintiffs cannot specify the contract(s) of which they are alleged third-party beneficiaries, the contract underlying the Project is between NYCHA and STV. *See* Declaration ("Decl.") of Judith Held, Exh. 2. STV further entered into a contract with Pro-Metal (the "Pro-Metal Contract") for roofing and other related work in connection with the Project. *Id.*, Exh. B. For purposes of this memorandum, these contracts are collectively referred to as the "Contracts."

drafting technique that may also be characterized as creative concealment, a "corollary to the well-pleaded complaint rule, [which] prevents a plaintiff from avoiding removal by framing in terms of state law a complaint the real nature of which is federal, regardless of plaintiff's characterization, or by omitting to plead necessary federal questions in a complaint." *Marcus v. AT&T Corp.*, 138 F.3d 46, 55 (2d Cir. 1998) (alteration, citation and internal quotation marks omitted). " '[A] complaint which appears to be grounded solely in state law actually may be federal in nature, and thus removable, if its true nature has been disguised by the plaintiff's artful pleading.' " *Id.* at 55 (alteration in original) (quoting *In re Agent Orange Prod. Liab. Litig.*, 996 F. 2d 1425, 1430 (2d Cir. 1993) (overturned on unrelated grounds)). The Complaint should be reviewed within these parameters.

\*

## ARGUMENT

### POINT I

**ALL CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT PLEAD THEIR CAUSES OF ACTION WITH SUFFICIENT PARTICULARITY AND BASED UPON DOCUMENTARY EVIDENCE THAT IS INTEGRAL TO THE COMPLAINT**

The Complaint alleges that Plaintiffs are owed prevailing and overtime wages. The only bases underlying these alleged claims are that Plaintiffs are third-party beneficiaries to contract(s) between STV and/or Pro-Metal and NYCHA and Plaintiffs' right to receive overtime wages under NY Labor Law.

It is well settled law that "[a] party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." *See Seidel v. Hoffman Floor Covering Corp.*, 09-CV-

4027 (JS) (WDW), 2012 WL 3064153, at *2 (E.D.N.Y. July 26, 2012), (quoting *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006) (internal citations omitted). It is completely unclear from the Complaint as to which contract Plaintiffs are pointing to that contains a prevailing wage schedule, and that they are beneficiaries thereof. On the one hand, Plaintiffs allege that they are beneficiaries to a contract between NYCHA and STV and/or Pro-Metal (*see* Compl. at ¶13); on the other, Plaintiffs also appear to allege that they are beneficiaries to a contract between NYCHA and STV as well as a contract between NYCHA and Pro-Metal (*Id.* at ¶¶ 21 & 29). Plaintiffs cannot assert that they are intended (and not merely incidental) beneficiaries to contract(s) (as well as parties thereof) to which they appear to be unable to identify.

Further, Plaintiffs fail to sufficiently state a claim for relief under § 663[2] of the Minimum Wage Act and 12 NYCRR § 142-3.2[3] because they do not allege any facts in support of their conclusory allegation that Pro-Metal failed to pay overtime compensation. *See* Compl. ¶ 26. The Complaint does not allege that they are employees of Pro-Metal. It merely alleges that Plaintiffs "worked" or "furnished labor" for Pro-Metal at the Project, which in the context of a construction project, could mean that Plaintiffs worked for a subcontractor or supplier of Pro-Metal and were not employees of Pro-Metal.

Moreover, iin order to *prevail* on claims for underpayment of wages, Plaintiffs must establish that they worked in excess of 40 hours in a given workweek and were not compensated

---

[2] Plaintiffs further fail to sufficiently state a claim for relief pursuant to N.Y. Labor Law § 663 because they do not allege that Defendants failed to pay minimum wage. (*Id.* ¶¶ 41-42.) Instead, Plaintiffs contend that Defendants failed to pay *overtime*. (*Id.*) N.Y. Labor Law § 663, however, does not address overtime compensation. *See* N.Y. Labor Law § 663. Rather, it pertains solely to the payment of minimum wage. *Id.* A review of the legislative history leading up to the enactment of N.Y. Labor Law § 663 confirms that the provision only applies to the underpayment of wages and not to nonpayment of overtime. *See* A.B. 6963, 2009 232nd Leg., Reg. Sess. (N.Y. 2009).

[3] 12 NYCRR § 142-3.2 states, in relevant part, that "[a]n *employer* shall pay *an employee* for overtime at a wage rate of 1 ½ times the employee's regular rate …" (emphasis added).

at one and half times their rate of compensation for those overtime hours. *See* 29 U.S.C. § 207(a)(1). However, in order to *maintain* such claims, Plaintiffs must allege with greater particularity than what the Complaint alleges. A general assertion that they performed uncompensated overtime work for an employer will not suffice. *See generally, Acosta v. The Yale Club*, 94 Civ. 0888 (KTD), 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995). Rather, "[t]here is a need for particularization of the claim." *Joza v. WW JFK LLC*, 07-CV-4153 (ENV) (JO), 2010 WL 3619551, at *7 (E.D.N.Y. Sept. 10, 2010); *Sampson v. Medisys Health Network Inc.*, 10 Civ. 1342 (SJF)(ARL), 2011 WL 579155, at *4 (E.D.N.Y. Feb. 8, 2011) (fair notice of Plaintiff's basis of the overtime claims must be provided in accordance with the *Twombly* and *Iqbal* standards.)

This standard requires, at a minimum, that a claim to recover unpaid overtime wages "*indicate the applicable rate of pay*" and the amount of unpaid overtime wages due. *See Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007) (emphasis added). A complaint that does not allege the plaintiff's rate of pay is deficient as a matter of law. *See Day An Zhang v. L.G. Apparel Inc.*, No. 09-CV-3240 (KAM), 2011 WL 900183, at *4 (E.D.N.Y. Feb. 18, 2011).

The Complaint does not allege Plaintiffs' dates worked, hours worked or wages received. *See generally* Compl. As a result, the Complaint is deficient as Plaintiffs have "not given defendants fair notice of the basis of the FLSA overtime claim as required by *Twombly* and *Iqbal*." *Sampson*, 2011 WL 579155, at *4; *see L.G. Apparel*, 2011 WL 900183, *4.

The motive underlying Plaintiffs' insufficiently plead complaint may be to disguise the federal nature of Plaintiffs' claims through their artful pleading and thereby avoid federal jurisdiction. Had Plaintiffs plead with particularity, it would have been apparent at the outset

that Plaintiffs' claims are based solely on work performed on a federally-funded project and that the Contracts were governed solely by the DBA, a Federal law, thereby exposing the fact Plaintiffs' right to relief depends on resolution of substantial question of federal law.

*

## POINT II

### THE COMPLAINT IS SUBJECT TO DISMISSAL BECAUSE PLAINTIFFS ARE WITHOUT A PRIVATE RIGHT OF ACTION TO COLLECT ALLEGED UNDERPAYMENT OF WAGES UNDER THE DAVIS BACON ACT

The basis of the claims alleged in the Complaint is that Pro-Metal failed to properly pay Defendants prevailing and overtime wages for work performed at the Project. The Project received federal funding pursuant to the American Recovery and Reinvestment Act of 2009 (the "ARRA") and the funds were administered by NYCHA. *See* Held Decl. at ¶¶ 2-3.

The contract at issue specifically states that the "[w]ork required pursuant to this Agreement is being funded, either in part or in whole, by [ARRA] Capital Fund Grant money from the U.S. Department of Housing and Urban Development . . ." *See* Held Decl. at ¶3. According to the United States Department of Labor Field Operations Handbook of October 25, 2010 (the "Handbook"), "prevailing wage coverage under ARRA-assisted projects must be determined in the same manner as under the DBA." *See*, Handbook § 15d00 (the relevant excerpts of which are annexed as Exh. A to the Eric Su Decl.).

Courts within this Circuit have held that the DBA does not afford a private right of action for claims based upon third-party beneficiary or state law theories and that damages sought pursuant to alleged violations of the DBA must be pursued through the administrative mechanism established by the DBA. *See, Grochowski, supra; Chan v. City of New York,* 1 F. 3d 96, 102 (2d Cir. 1993); *Broder, supra; Zebzda v. Tenavision, Inc.,* No. 06 Civ. 13123 (DFE), 2008 WL 868112 (S.D.N.Y. Mar. 31, 2008); *Sobczak v. AWL Indus., Inc.,* No. 07 Civ. 1226

(BMC) (RRR), 2007 WL 4934239 (E.D.N.Y. Oct. 22, 2007). In this case, Plaintiffs can seek redress for any wage underpayments through NYCHA[4]. *See also Grochowski*, 318 F.3d at 87.

Particularly, in *Grochowski,* the Second Circuit explored facts almost identical to those in the instant action and stated that:

> the plaintiffs' state-law claims are indirect attempts at privately enforcing the prevailing wage schedules contained in the DBA. To allow a third-party private contract action aimed at enforcing those wage schedules would be "inconsistent with the underlying purpose of the legislative scheme and would interfere with the implementation of that scheme to the same extent as would a cause of action directly under the statute."

318 F.3d at 86 (citing *Davis v. United Air Lines, Inc.,* 575 F. Supp. 677, 680 (E.D.N.Y. 1983)).

The *Grochowski* Court went on to explain that:

> *the present contracts between the defendants and the NYCHA were federally funded and, as such, are governed by the prevailing wage requirements set forth in the DBA, not by . . . New York Labor Law.* Since . . . no private right of action exists under the relevant statute, the plaintiffs' efforts to bring their claims as state common-law claims are clearly an impermissible "end run" around the DBA.

*318 F. 3d at 86* (emphasis added).

Pursuant to the DBA, "an aggrieved employee is limited to those administrative mechanisms set forth in the text of the statute." *Grochowski*, 318 F. 3d at 87 (Citing *Chan,* 1 F.3d at 102). To that end, "[t]he plaintiffs' forum for determining prevailing wages is the NYCHA, which can consider all aspects of the plaintiffs' wages and hours and compute

---

[4] The Pro-Metal Contract provides , in pertinent part, as follows:

> [Pro-Metal] and its Subcontractors shall pay to all its laborers and mechanics employed [on the Project] not less than the *wages prevailing in the locality of the [P]roject, as predetermined by the Secretary of Labor of the United States pursuant to the federal wage rate requirements set forth as 40 U.S.C. § 3141, et seq. (formally known as the Davis Bacon Act)* and other related laws and regulations. [Pro-Metal] shall report, to *NYCHA's Department of Equal Opportunity, any actual or possible prevailing wage violation that it observes.*

*See* Held Decl. at Exh. B, pp. 38-39 (emphasis added).

underpayment for overtime hours at one-and-a-half times the prevailing wage." *Grochowski*, 318 F.3d at 87. Here, Plaintiffs are not just improperly attempting to circumvent the administrative remedies provided by the DBA, but they are improperly invoke a judicial remedy that is unavailable to them under established second circuit law after having already filed a complaint with NYCHA[5] for the underpayment of prevailing and overtime wages alleged in the Complaint.

Since Plaintiffs have already invoked their administrative remedies under the DBA by filing a complaint with NYCHA, Plaintiffs cannot now seek to require the Court to craft additional remedies in their favor. As the Second Circuit states, it is an "elemental canon" of statutory construction that where a statute expressly provides a remedy, "courts must be especially reluctant to provide additional remedies." *Growchowski*, 318 F. 3d. at 85 (quoting *Karahalios v. Nat'l Fed'n of Employees, Local 1263*, 489 U.S. 527, 533, 109 S. Ct. 1282, 1286-87 (1989)) (internal citation omitted). In such cases, "[i]n the absence of strong indicia of contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate." *Karahalios*, 489 U.S. at 533, 109 S. Ct. at 1287 (quoting *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 1, 101 S. Ct. 2615, 2617 (1981)) (internal quotation marks omitted). Plaintiffs should be disallowed to gain a second "bite at the same apple" and seek double payment.

Plaintiffs' wage claims under the New York Labor Law fair no better. *See Eldred v. Comforce Corp.*, No. 3108-CV-1171 (LEK/DEP), 2010 WL 812698, at * 7 (N.D.N.Y. Mar. 2, 2010) (holding that plaintiffs are precluded from using state law remedies to recover wages for federally funded projects). As the Second Circuit has held in *Grochowski*, Plaintiffs' forum to

---

[5] It should be noted that a NYCHA representative has advised counsel for Defendant STV that the Plaintiffs have already filed a complaint with NYCHA based on identical allegations (*see* Allan Bahn Decl. at ¶6), so not only is it apparent that Plaintiffs are well-aware of their right to do so, but this action represents a disingenuous attempt for Plaintiffs to receive redundant and gratuitous relief to Defendants' detriment.

determining wages owed for their work on the Project is NYCHA, which can consider all aspects of their claims for prevailing and overtime wages and hours and compute any underpayment due. 318 F.3d at 87. Since Plaintiffs have already invoked their administrative remedy by filing a complaint with NYCHA, Plaintiffs should not be entitled to maintain this action and seek duplicate recovery.

As Plaintiffs cannot maintain their state law claims as third-party beneficiaries of the Contract or pursuant to NY Labor Law for work performed on the Project, the Complaint must be dismissed in its entirety.

\*

## POINT III

### PLAINTIFFS' MOTION TO REMAND MUST BE DENIED IN ITS ENTIRETY BECAUSE PLAINTIFFS' CLAIMS ARE NOT SUBJECT TO STATE LAW

Plaintiffs are prevented from pursuing their common law claims because Defendants' NYCHA contracts at issue plainly state that the DBA applies. A determination that the DBA applies marks the path to resolution of the motions based on *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg*, 545 U.S. 308, 125 S. Ct. 2363 (2005) and *Broder, supra*. Plaintiffs' Motion to Remand improperly attempts to conceal the fact that the Project is a federally funded project and that the DBA applies. Plaintiffs' effort is unavailing since the DBA and therefore, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendants' motion should be granted and remand must be denied.

In *Grable*, the United States Supreme Court established a three prong test to determine federal jurisdiction under 28 U.S.C. § 1331, which requires determination of: (1) whether the state-law claim necessarily raises a stated federal issue; (2) whether that stated federal issue is actually disputed and substantially; and (3) whether a federal forum may entertain that state-law

claim without disturbing any congressionally approved balance of federal and state judicial responsibilities. 545 U.S. at 314, 125 S. Ct. at 2368.

The facts and circumstances in this action satisfy the first *Grable* prong. While Plaintiffs have apparently purposefully plead their causes vaguely so as to avoid explicitly stating a federal reference or issue, the Project is a federally funded project and the Contracts mandate the application of the DBA and its regulations. Plaintiffs assert third party benefit rights in reliance on the Contracts and as a matter of good faith pleading they were required to ascertain that the DBA did not preclude their claims. Insofar as the Complaint relies on the terms of the Contracts, the Court may look to the agreements and as pointed out above and in the Held Declaration, these Contracts require the application of the DBA.

The second prong of the *Grable* test is whether the federal issue is "actually disputed and substantial." *Grable*, 545 U.S. at 321, 125 S. Ct. at 2372. The Court in *Grable* found this last requirement to be satisfied even in the absence of a private right of action because "it is the rare state quiet title action that involves contested issues of federal law." *Id.*, 545 U.S. at 319, 125 S. Ct. at 2371. Here, Plaintiffs actually dispute the DBA's coverage to their state causes of action in their Motion to Remand and as the Second Circuit instructed in *Grochowski*, the federal issue here is substantial. Since the courts of this Circuit have already ruled on the issue of whether Plaintiffs' may maintain their state law claims to recover alleged underpayment of prevailing and overtime wages required by the DBA, allowing federal jurisdiction here will not "materially affect, or threaten to affect, the normal currents of litigation." *Grable*, 545 U.S. at 319, 125 S. Ct. at 2371.

The third prong of *Grable* is also satisfied. Here the federal forum may entertain Plaintiffs' state-law claims without disturbing any congressionally approved balance of federal

and state judicial responsibilities. To determine whether or not state law can coexist with a federal statute or whether it must give way under the principles of federal pre-emption, "[t]he test... is whether both regulations can be enforced without impairing the federal superintendence of the field, not whether they are aimed at similar or different objectives." *Florida Lime and Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142, 83 S. Ct. 1210, 1217 (1963). Of particular significance to the present case is the Court's recognition in *Gade v. National Solid Wastes Mgmt. Ass'n,* 505 U.S. 88, 112 S. Ct. 2374 (1992) that although state law may promote local interest in insuring that workers are paid at an appropriate rate, "[u]nder the Supremacy Clause ... 'any state law, however clearly within a state's acknowledged power, which interferes with or is contrary to federal law, must yield.'" *Gade,* 505 U.S. at 108, 112 S. Ct. at 2388 (other citations omitted).[6] In this action, the third *Grable* prong is met by the fact that established Second Circuit case law has already determined that Plaintiffs' lack of a private right of action under the DBA may not be avoided by asserting state law claims. *See* Point II, *supra*.

Moreover, it is well-established that "a single claim over which federal-question jurisdiction exists is sufficient to allow removal." *Broder,* 418 F.3d at 194 (internal citations omitted). Here, despite the fact that the Complaint does not specifically raise any federal claims, since it is apparent on the face of the Contracts that the claims alleged by Plaintiffs are governed by federal law alone, removal is not only warranted, but necessary. Plaintiffs would not have been able to avoid federal question jurisdiction if the Complaint had been sufficiently plead.

It is obvious that Plaintiffs are attempting to circumvent the established law by bringing the instant action in state court. In their Motion to Remand, Plaintiffs maintain that because they

---

[6] In determining whether state law "stands as an obstacle" to the full implementation of a federal law, *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S. Ct. 399, 404 (1941), "it is not enough to say that the ultimate goal of both federal and state law" is the same. *International Paper Co. v. Ouellette,* 479 U.S. 481, 494, 107 S. Ct. 805, 813 (1987). "A state law also is pre-empted if it interferes with the methods by which the federal statute was designed to reach th[at] goal." *Id* (other citations omitted).

did not allege any federal claims in their Complaint that their Complaint is valid and must be heard by the state court; however, this assertion completely misses the point. The Project is governed by federal law: it is funded pursuant to the ARRA which requires the application of the DBA. Therefore, this case was properly removed by Defendants to this Court.

The "well-pleaded complaint rule"[7] will not allow Plaintiffs to avoid federal question jurisdiction. The Complaint is poorly plead and does not contain sufficient allegations. Federal jurisdiction has been established even where plaintiffs attempt to "artfully" avoid mentioning federal law as long as "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of Cal.*, 463 U.S. at 9, 103 S. Ct. at 2846. As set forth above and in accordance with established case law in this Circuit, the viability of Plaintiffs' state law claims depend on the applicability of the DBA, a federal statute, to the Project. The fact that Plaintiffs simply failed to plead pertinent facts in their Complaint not only constitutes ground for the Complaint's dismissal; at a minimum, the bare-boned nature of the Complaint should not serve as a basis to Plaintiffs' Motion to Remand and for keeping this improper lawsuit alive in state court.

---

[7] A case arises under federal law where a well-pleaded complaint establishes either that (1) "federal law creates the cause of action [,]" or (2) "the plaintiff' right to relief [on a state-law claim] necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90, 126 S. Ct. 2121, 2131 (2006) (internal citation omitted).

## **CONCLUSION**

For the foregoing reasons, the Complaint should never have been filed in state court in the first instance and Plaintiffs' Motion to Remand is unfounded. Further, since the law within this Circuit is clear that work performed in connection with projects receiving funds pursuant to the DBA (as well as the ARRA) does not afford laborers a private right of action to pursue state law claims, the Complaint must be dismissed with prejudice.

Dated: New York, New York
       November 2, 2012

Respectfully submitted,

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*

By: _____
    Eric Su (ES - 0626)
    Eva M. Young (EY-1791)
1350 Broadway – 11th Floor
New York, New York 10018
(212) 216-8000

- and –

**BAHN MULTER & GOLD, LLP**
*Attorneys for Defendant*
*STV Construction, Inc.*
Allan Bahn (AB - 5916)