UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DURIM ISUFI and ENVER KILLOGJERI, individually and on behalf of all other persons similarly situated who were employed by PROMETAL CONSTRUCTION, INC., with respect to certain Public Works Projects awarded by: THE CITY OF NEW YORK, THE NEW YORK CITY HOUSING AUTHORITY,<br><br>                                  Plaintiffs,<br><br>          - against -<br><br>PROMETAL CONSTRUCTION, INC. and STV CONSTRUCTION, INC.,<br>                                  Defendants. | EDNY Docket No.<br>12-CV-5225 (JBW)(RLM)<br><br>New York County Supreme Index No. 653265/2012 |

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION TO DISMISS

By: Lloyd Ambinder, Esq.
VIRGINIA & AMBINDER, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel:    (212) 943-9080
Fax:    (212) 943-9082

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES............................................................... iii

PRELIMINARY STATEMENT............................................................ 1

THE APPLICABLE LEGAL STANDARD ........................................................... 3

ARGUMENT........................................................................... 4

    POINT I
    DEFENDANTS HAVE NOT MET THEIR
    BURDEN OF ESTABLISHING
    FEDERAL JURISDICTION ...........................................................................4

    POINT II
    PLAINTIFFS NEED NOT EXHAUST ADMINISTRATIVE
    REMEDIES PRIOR TO INSTITUTING THIS
    ACTION............................................................................. ... ... ... .. .1 0

CONCLUSION ................................................................................... ......13

ii

# TABLE OF AUTHORITIES

PAGE

**Federal Cases**

Caterpillar, Inc. v. Williams,
482 U.S. 386 (U.S. 1987) ................................................................3, 4, 10

City of Jackson, Miss. V. Lakeland Lounge of Jackson, Inc.,
147 F.R.D. 122 (S.D.Miss. 1993)................................................................3

Conte v. County of Nassau,
2009 U.S. Dist. LEXIS 11545 (E.D.N.Y. Feb. 13, 2009).........................3

Derrico v. Sheehan Emergency Hosp.,
844 F.2d 22 (2d Cir. 1988)..........................................................................4

Empire Healthchoice Assurance, Inc. v. McVeigh,
547 U.S. 677 (2006)......................................................................................8

Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
463 U.S. 1 (U.S. 1983)................................................................................12

Grable & Sons Metal Products Inc. v. Darue Engineering and Manufacturing,
545 U.S. 308 (2005).............................................................................*passim*

Great N. R. Co. v. Alexander,
246 U.S. 276 (U.S. 1918) ............................................................................5

Grochowski v. Phoenix Construction,
318 F.3d 80 (2d Cir. 2003)...................................................................2, 7, 8

Hica Education Loan Corporation v. Danziger,
2012 U.S.Dist.LEXIS 113234 (S.D.N.Y. Aug. 9, 2012).........................9

Holt v. Tonawanda Coke Corp.,
802 F. Supp. 866 (W.D.N.Y. 1991).............................................................3

Josephson v. United Healthcare Corp.,
2012 U.S. Dist. LEXIS 144830 (E.D.N.Y. Sept. 28, 2012)......................1

Noble v. 93 University Place Corp.,
224 F.R.D. 330 (S.D.N.Y. 2004).................................................................2

PAGE

Parekh v. Econ. Premier Assur. Co.,
2012 U.S. Dist. LEXIS 41186 (E.D.N.Y. Jan. 17, 2012)..........................................1

In re Pfohl Bros. Landfill Litig.,
67 F.Supp2d 177 (W.D.N.Y. 1999)....................................................................3

Sarnelli v. Tickle,
556 F.Supp. 557 (E.D.N.Y. 1983) ........................................................................ 10

Shulthis v. McDougal,
225 U.S. 561, 569 (1912)................................................................................1

Sullivan v. Am. Airlines, Inc.,
424 F.3d 267 (2d Cir. N.Y. 2005) ..................................................................... .4, 12

Taylor v. Anderson,
234 U.S. 74 (U.S. 1914)................................................................................4

United Food & Commercial Workers Union, Local 919 v. Ctr. Mark Props. Meriden
    Square, Inc., 30 F.3d 298 (2d Cir. 1994)......................................................9

West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.,
815 F.2d 188 (2d Cir. 1987)............................................................................4

Wilds v. United Parcel Serv.,
262 F.Supp.2d 163, 177 (S.D.N.Y. 2003)...........................................................3


**New York State Cases**

Andrzejewski v. Interphase Co., Ltd.,
Sup Ct, NY Co., Feb. 15, 1996, Crane, J., Index No. 131657/94...............................12

Alvord & Swift v. Stewart M. Muller Constr. Co.,
46 N.Y.2d 276, 281 (N.Y. 1978)......................................................................3

Cox v. NAP Constr. Co., Inc.,
10 N.Y.3d 592, 599 (N.Y. 2008)..............................................................*passim*

Encavnacion v. Gerry's Contracting Co., Inc.,
Sup Ct, NY Co., July 12, 1996, Cahn, J., Index No. 108026/95...............................12

PAGE

Kirk v. DellaPenna Bros., Inc.,
Sup Ct, Broome Co., Nov. 28, 2000, Monserrate, J., Index No. 2000-1037...............12

MBIA Ins. Corp. v Royal Bank of Can.,
28 Misc. 3d 1225A (N.Y. Sup. Ct. 2010)...............................................…....3

Mercado v. Dede Construction Corp.,
Sup Ct, NY Co., Aug. 27, 2003, Cahn, J., Index No. 601811/02.............................12

Pesantez, et al. v. Boyle Envtl. Servs., Inc.,
Sup Ct, NY Co., Mar. 27, 1995, Cahn, J., Index No. 128988/93,
aff'd, 251 A.D.2d 11 (N.Y. App. Div. 1st Dep't 1998)..........................................12

**Statutes**

28 U.S.C. § 1331.....................................................................…....4

28 U.S.C. § 1447*et seq.*......................................................... 1, 3

29 CFR 5.1 *et seq*.................................................................11

Davis-Bacon Act, 40 U.S.C. § 3141 *et seq*...................................... *passim*

New York Labor Law § 198.......................................................…...10

New York Labor Law § 220...........................................................7

New York Labor Law § 663..........................................................2, 8

Title 12 N.Y.C.R.R. § 142-2.2 ....................................................2, 8

**Federal & State Rules**

Fed. R. Civ. P. 12................................................................1

CPLR § 3011.................................................................3, 6

## PRELIMINARY STATEMENT

Named Plaintiffs Durim Isufi and Enver Killogjeri and a putative class of workers (collectively, "Plaintiffs") respectfully submit this memorandum of law in further support of their motion to remand this matter to the Supreme Court for the State of New York, New York County and award Plaintiffs the costs and disbursements incurred by reason of the removal proceedings, pursuant to 28 U.S.C. § 1447(c).[1]

In their opposition, Defendants Prometal Construction, Inc. ("Prometal") and STV Construction, Inc. ("STV") (collectively, "Defendants") seek "dismissal of all of Plaintiffs' claims on the grounds that Plaintiffs are without a private right of action under the Davis Bacon Act (the 'DBA') and that the DBA preempts Plaintiffs' common law and state labor law cause of action." [See Dkt 14, Defendants' memorandum of law in opposition ("Def. Memo."), p. 1]. Yet, in the 160 pages of convoluted briefing, affidavits, and exhibits submitted by the Defendants, they have done little to disprove the fundamental argument presented by Plaintiffs: Plaintiffs' claims *do not* "really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) (quoting Shulthis v. McDougal, 225 U.S. 561, 569 (1912)). This is because, even if the wage rates contained in the Public Works Contract were determined pursuant to the DBA, Plaintiffs are not challenging or contesting those rates. Thus, there is no serious, federal interest in addressing

---

[1]Defendants have also cross-moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and (6). As both motions are inextricably tied up in the parties' jurisdictional contentions, and because Plaintiffs' motion specifically challenges the jurisdiction of this Court, the Court must first address Plaintiffs' motion to remand "and then turn to Defendants' motion to dismiss." Josephson v. United Healthcare Corp., 2012 U.S. Dist. LEXIS 144830 at *4 (E.D.N.Y. Sept. 28, 2012). If the Court recommends that the action be remanded to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1447(c), then Defendants' motion to dismiss must automatically be denied as moot. E.g., Parekh v. Econ. Premier Assur. Co., 2012 U.S. Dist. LEXIS 41186, 1-2 (E.D.N.Y. Jan. 17, 2012).

Plaintiffs' state law claims, which do not implicate any contested, federal issue. [See also MoL, pp. 6-8.][2]

In short, the issue here is simple. The New York Court of Appeals has specifically determined that workers performing work on New York City Housing Authority ("NYCHA") projects pursuant to Public Works Contracts entered into between contractors and NYCHA, which require payment of wages set under the Davis Bacon Act, can bring claims under New York law in New York courts as third-party beneficiaries of those contracts for underpayment of wages. See Cox v. NAP Constr. Co., Inc., 10 N.Y.3d 592, 599 (N.Y. 2008) ("[w]hen a contractor has promised to pay its workers the prevailing wages required by the United States Housing Act, the workers may sue under state law to enforce the promise."). In rendering this holding, the Court explicitly rejected Grochowski v. Phoenix Construction, 318 F.3d 80 (2d Cir. 2003), where the Second Circuit Court of Appeals held that workers may not bring breach of contract claims in federal courts to recover wages set pursuant to the DBA. The New York Court of Appeals, in Cox, specifically analyzed Grochowski, and rejected the majority's reasoning, choosing instead to adopt the compelling dissent of Judge Gerard E. Lynch, who held that denying workers the right to bring breach of contract claims was "inconsistent with common sense, common law, and common justice." Id. at 90. Indeed, Judge Lynch found the majority's holding unjust because:

> The majority fails to cite any actual evidence, in the language or legislative history of the DBA that Congress intended to prevent state law contract suits based on contractual promises to pay DBA prevailing wages---promises that Congress specifically required to be

[2] Defendants also state that Plaintiffs have cited inapplicable statues in their complaint. [Def. Memo., p. 6, fn. 2.] However, Minimum Wage Order 12 NYCRR Section 142-2.2 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate." New York Labor Law Section 663 is the provision that enforces Minimum Wage Order 12 NYCRR § 142-2.2, and explicitly provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees." N.Y. Lab. Law § 663(1); see Noble v. 93 University Place Corp., 224 F.R.D. 330, 341n. (S.D.N.Y. 2004) (approving cause of action under N.Y. Lab. Law § 663 and 12 NYCRR § 142-2.2). As such, both of these citations are correct in Plaintiffs' complaint.

written into *contracts* that it must have assumed would be enforceable, like any other contracts, under state law.

Id. at 90-91 (emphasis in original).

As such, it is clear that established law set forth by New York State's highest court *specifically* allows workers to seek to recover those wages under New York law in New York courts. Accordingly, Plaintiffs' claims cannot possibly arise under federal law, and by definition arise solely under New York State law. Thus, Plaintiffs' claims cannot possibly "really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law," Grable, 545 U.S. at 313, and Plaintiffs' motion to remand this action to the Supreme Court for the State of New York, New York County must be granted, along with an award of costs and disbursements incurred by reason of the removal proceedings, pursuant to 28 U.S.C. § 1447(c).[3]

## THE APPLICABLE LEGAL STANDARD

Because the parties to this action are not of diverse citizenship, subject matter jurisdiction is present only if federal question jurisdiction exists. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (U.S. 1987). Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides that

---

[3] Defendants also suggest that Plaintiffs' claims should be dismissed because, "Plaintiffs have not plead their causes of action with sufficient particularity and based upon documentary evidence that is integral to the complaint." [Def. Memo., pp. 5-8.] Plaintiffs' complaint, which was first filed in New York State court, more than meets the pleading requirements set forth in the CPLR § 3011 and case law interpreting the same. E.g., MBIA Ins. Corp. v Royal Bank of Can., 28 Misc. 3d 1225A (N.Y. Sup. Ct. 2010). However, even poorly drafted complaints do not require that the Court dismiss the complaint, but instead "amendment of the complaint has frequently been permitted or directed, even by appellate courts." Alvord & Swift v. Stewart M. Muller Constr. Co., 46 N.Y.2d 276, 281 (N.Y. 1978). What Defendants are really attempting to do by raising the pleading sufficiency issue, is argue the *merits* of the action, which is improper at this stage of the litigation. Conte v. County of Nassau, 2009 U.S. Dist. LEXIS 11545, 12-13 (E.D.N.Y. Feb. 13, 2009). Plaintiffs respectfully ask that the Court deem this "red herring" move as completely inappropriate, because "[w]hen a district court evaluates a motion to remand, the court 'does not reach the merits of the underlying dispute but instead decides only the question of whether removal to the federal court was proper.'" Wilds v. United Parcel Serv., 262 F.Supp.2d 163, 177 (S.D.N.Y. 2003) (citing City of Jackson, Miss. V. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); cf., In re Pfohl Bros. Landfill Litig., 67 F.Supp2d 177, 179 n.1 (W.D.N.Y. 1999) ("A matter of remand...presents only the question of whether there is a proper basis for federal jurisdiction to support removal and neither reaches nor requires a determination on the merits of a plaintiff's claims or a defendants [sic] defenses or counterclaims."); Holt v. Tonawanda Coke Corp., 802 F. Supp. 866, 868 (W.D.N.Y. 1991) ("A motion to remand...decides only the question of whether there is a proper basis for federal jurisdiction to support removal, and neither reaches nor determines the merits of a plaintiff's claims or a defendant's defenses or counterclaims.").

federal district courts shall have original jurisdiction of all civil actions "arising under" the laws of the United States. 28 U.S.C. § 1331.

Pursuant to the "well-pleaded complaint" rule, "federal jurisdiction must be found from 'what necessarily appears in the plaintiff's statement of his own claim' in the complaint." West 14th St. Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188, 192 (2d Cir. 1987) (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (U.S. 1914)). Accordingly, "a plaintiff as 'master of the complaint' may preclude removal by electing to disregard an available federal dimension of a claim and asserting only a distinct state law cause of action." Derrico v. Sheehan Emergency Hosp., 844 F.2d 22, 27 (2d Cir. 1988) (citing Caterpillar, 482 U.S. at 392-93). However, a plaintiff may not defeat federal subject-matter jurisdiction by "'artfully pleading' his complaint as if it arises under state law where the plaintiffs' suit is, in essence, based on federal law." Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 271 (2d Cir. N.Y. 2005). "But even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto." Grable, 545 U.S. 308, 313-314.

## ARGUMENT

### POINT I

### DEFENDANTS HAVE NOT MET THEIR
### BURDEN OF ESTABLISHING FEDERAL JURISDICTION

Defendants wrongly assert that this Court has federal jurisdiction over this action because "Defendants' [NYCHA] contracts at issue plainly state that the DBA applies." [Def. Memo. p. 11.] Defendants accuse Plaintiffs of improperly attempting to "conceal the fact that the Project is a federally funded project and that the DBA applies." Id. As Plaintiffs have already argued in their initial moving papers, even if the wage and benefit rates included within the Public Work Contract are rates set pursuant to the DBA, that mere fact is insufficient to establish "a substantial federal

question." [MoL, p. 6.] In order for the removal of state-law claims to be proper, "federal jurisdiction demands not only a contested federal issue, *but a substantial one*, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." <u>Grable</u>, <u>supra</u>, 545 U.S. at 313 (emphasis added). Thus, Defendants are not only factually incorrect, but also have completely failed to meet their burden of establishing their right to a federal forum.

It is evident from examining the face of Plaintiffs' complaint that no issues of federal law are presented, and only violations of New York state law are alleged. [MoL, pp. 1-2.] Therefore, Defendants are precluded from generating federal jurisdiction by arguing a federal issue as an element of their defense. The Supreme Court explained in <u>Great Northern Ry. Co. v. Alexander</u>, 246 U.S. 276, 38 S.Ct. 237 (1918):

> [I]t has been frequently decided by this court that whether a case arising, as this one does, under a law of the United States is removable or not, when it is commenced (there being no claim of fraudulent attempt to evade removal), is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant.

<u>Id</u>. at 281-82, 38 S.Ct. at 239.

Unable to penetrate this argument, Defendants now assert that federal jurisdiction exists under federal preemption principles by arguing that, "the viability of Plaintiffs' state law claims depend on the applicability of the DBA, a federal statute, to the Project." [Def. Memo., p. 14.] The only "evidence" submitted by Defendants to support their contention consists of a few paragraphs from a Department of Labor handbook, which directs that the rates on the Ingersoll Houses project be "determined in the same manner as under the DBA." [Handbook, § 15d00.] This mere fact does not amount to any competent proof that Defendants have met their burden of proving that this action "arises under" federal law, and instead directly supports Plaintiffs' argument that their claims

for unpaid prevailing wages and benefits were brought pursuant to New York State law.

Nevertheless, Defendants attempt to contort the facts of the instant action to meet the three-prong test utilized by the Supreme Court in <u>Grable</u>, <u>supra</u>, to determine whether an action "arises under" federal law.  In the <u>Grable</u> test, the Supreme Court examined: (1) whether the state law claim must necessarily raise a stated federal issue; (2) whether the federal issue must be (a) actually disputed and (b) substantial; and (3) whether a federal forum will disturb "any congressionally approved balance of federal and state responsibilities." <u>Grable</u>, 545 U.S. at 314.

For the first <u>Grable</u> prong, Defendants argue that, "Plaintiffs have apparently purposefully plead their causes so vaguely so as to avoid explicitly stating a federal reference or issue (…)." [Def. Memo., p. 12.]    This argument is meritless because Plaintiffs' complaint clearly puts Defendants on notice of Plaintiffs' state law claims; to wit, that Plaintiffs performed various types of construction-related work, including roofing and sheet metal work, on behalf of Defendants at the Ingersoll Houses project site and were not properly paid. [<u>See</u> Dkt No. 7, Affirmation of Lloyd Ambinder, Exhibit A, Plaintiffs' Sept. 19, 2011 Complaint ("Complaint"), ¶¶ 3, 17.] Plaintiffs allege that Defendants paid them less than the prevailing rates of wages and supplements to which Plaintiffs were entitled under New York State law. [<u>See, generally</u>, Complaint.] Plaintiffs further allege that they were not paid overtime compensation for the work that they performed in excess of forty hours a week as required by New York law. [Complaint, ¶¶ 25-27.] Plaintiffs' complaint more than meets the pleading requirements set forth in CPLR § 3011 and case law interpreting the same.

Moreover, even if the wage and benefit rates included within the Public Work Contract are rates "determined *in the same manner* as under the DBA,"[4] this mere reference to rates set forth in a federal act is clearly insufficient to establish "a substantial federal question" in this litigation. Thus,

---

[4] [See Dkt No. 11, the Declaration of Eric Su, Exhibit A, the United States Department of Labor Field Operations Handbook of Oct. 25, 2012 ("the Handbook"), § 15d00.] (emphasis added).

Defendants have clearly not met the requirements of the first <u>Grable</u> prong.

For the second <u>Grable</u> prong, which requires that the federal issue be (a) "actually disputed" and (a) "substantial," Defendants have misapplied the meaning of "actually disputed" and offered only a fallacious argument that the issue is "substantial." [Def. Memo., p. 12.] Specifically, Defendants suggest that a federal issue is "actually disputed" in this action because "Plaintiffs actually dispute the DBA's coverage (…)." <u>Id</u>. Defendants' argument here is incorrect, as Plaintiffs do not dispute that they are suing to recover the wages set forth in the prevailing wage schedules annexed to the Public Works Contract, and the query of whether they arise under the DBA or under the New York State analog, New York Labor Law § 220, can be easily determined by reference to the contracts themselves, without examining any statute. Thus, there is no actual dispute.

The Supreme Court has specifically held that federal jurisdiction does *not* lie where the federal-law issues in a case are "not subject to any controversy respecting [the statute's] validity, construction, or effect." <u>Grable</u>, <u>supra</u>, 545 U.S. at 316 (internal punctuation omitted). Here, to the extent any federal issues are raised it all, it is solely in the context of the DBA's reference to set wage rates that are already contained in a contract and are not subject to *any* dispute over the DBA's "validity, construction, or effect." <u>Id</u>.

Defendants argue that the federal issue is "substantial" because "the courts of this Circuit have already ruled on the issue" of whether common law breach-of-contract claims can be brought in Federal court to recover wages set by the DBA. [Def. Memo., p. 12.] While it is true that in <u>Grochowski</u>, the sole case cited by Defendants, the Court held that "no private right of action exists under [the Davis-Bacon Act]," 318 F.3d at 86, what Defendants fail to grasp is that Plaintiffs are not suing under the DBA. Plaintiffs' suit was brought pursuant to Plaintiffs' status as third-party beneficiaries to the Public Works Contract formed between the Defendants and NYCHA, and

asserted New York State common law claims, along with claims pursuant to New York Labor Law
§ 663 and 12 NYCRR § 142-2.2. [See, generally, Complaint.]

There can be no dispute that Plaintiffs possess a right under New York State law to seek the
wages they are claiming, as New York's highest court has specifically held this is a valid claim. See
Cox, 10 N.Y.3d at 599 ("[w]hen a contractor has promised to pay its workers the prevailing wages
required by the United States Housing Act, the workers may sue under state law to enforce the
promise."). Faced with issues strikingly similar to those in the instant action, the Court of Appeals
in Cox remarked that there was "no basis for an argument that federal legislation on the subject of
remedies for the failure to pay prevailing wages is so pervasive, or that the federal interest in that
subject is so dominant, that state common-law remedies have been preempted," Id. at 605. Thus,
plaintiffs had "valid breach of contract claims as third-party beneficiaries of the agreements
between NYCHA and the contractors." Id. at 607.

Here, as in Cox, Plaintiffs brought suit pursuant to their status as third-party beneficiaries to
the Public Works Contract formed between the Defendants and the NYCHA, and asserted New
York State common law claims for breach of contract. [MoL, pp. 11-13.] Like in Cox, Plaintiffs
recognize that they do not possess a claim under the DBA, and they do not allege any violations of
the DBA, or even cite to the DBA anywhere in their complaint. Id. Plaintiffs' claims here are
"purely creatures of state law." Empire HealthChoice Assur., Inc. v. McVeigh, 547 U.S. 677, 695
(U.S. 2006).

Moreover, even if the wage rates contained in the Public Works Contract were determined
pursuant to the DBA, Plaintiffs do not challenge or contest those rates. Nor do Plaintiffs dispute
that existing federal law does not permit workers to seek these wages in federal courts. See
Grochowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003). As such, there is no

"contested federal issue" in addressing Plaintiffs' state common-law claims, and Defendants have failed to establish that the requirements of the second <u>Grable</u> prong are met.[5]

The third <u>Grable</u> prong requires the Court to determine whether a federal forum will disturb "any congressionally approved balance of federal and state responsibilities." Defendants argue that this prong is met "by the fact that established Second Circuit case law has already determined that Plaintiffs' lack of a private right of action under the DBA may not be avoided by asserting state law claims." [Def. Memo., p. 13.] While it is true that federal jurisdiction can sometimes exist due to preemption principles, the requirements for reaching a federal forum due to this type of "arising under" jurisdiction simply do not exist in this case.

As Plaintiffs have previously argued, it is beyond dispute in New York State that workers can bring breach of contract claims to enforce contract wage provisions that have been included in the contractors' agreements as a result of the DBA. <u>Cox</u>, 10 N.Y.3d at 599. Where the highest court in New York State has specifically held that this type of state common-law action arises under the laws of the State of New York and is appropriately heard in the courts of that State, exercise of federal jurisdiction is inappropriate. Were this Court to exercise jurisdiction over these purely state law claims, it would be a clear disruption of the New York Court of Appeals' directive that such workers have a state forum to have their claims heard.

It is clear that Defendants have failed to establish the requirements of <u>Grable</u> to meet their burden of proving facts to establish federal jurisdiction. <u>United Food & Commercial Workers</u>

---

[5] As Plaintiffs previously explained in their initial memorandum of law, the Supreme Court in <u>Grable</u> found jurisdiction where the case "presented a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous tax sale cases." <u>Empire</u>, 547 U.S. at 700 (internal punctuation removed); <u>see</u> MoL, p. 7-8. Where a claim is "situation specific," <u>id.</u> at 701, and does not implicate an interpretation of federal law, no substantial federal question exists. Federal jurisdiction is not properly exercised where, as here, a plaintiff's claim "does not require the Court to decide a substantial federal issue." <u>Hica Education Loan Corporation v. Danziger</u>, 2012 U.S.Dist.LEXIS 113234 at *3 (S.D.N.Y. Aug. 9, 2012) (court declined jurisdiction where "the claim requires reference to an interest rate calculated by the Secretary of the Department of Health and Human Services, though the formula for this rate is set forth in the note," finding that a state court is competent to apply federal law to the extent it is relevant.).

Union, Local 919 v. Ctr. Mark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.") (citation omitted). Plaintiffs have asserted only state law causes of action in their complaint, and Defendants have failed to produce *any* evidence that any substantial federal issues exist pertaining to Plaintiffs' state law claims.

It is also critical to note that it was completely unnecessary for Defendants to remove this action to federal court in the first place, because there is nothing preventing Defendants from presenting their preemption arguments in the state court forum. See Caterpillar, supra, ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted...does not establish that they are removable to federal court."). For instance, in Sarnelli v. Tickle, the Court declined to reach the question of whether a claim under New York Labor Law § 198-c was preempted by federal law because it failed to see any particular advantage "in having the pre-emption claim decided by the federal court." 556 F.Supp. 557 (E.D.N.Y. 1983). The Court found that "[a]bsent such an advantage, the claim should remain in state court because of the basic principle that if the right to remove is doubtful, the case should be remanded." Id. at 561.

Here, there was no reason for Defendants to remove this action to federal court, as they could have presented their preemption arguments in the state court forum where this case began. Thus, for these reasons and the reasons stated below, this Court should grant Plaintiffs' motion to remand this action in its entirety, and award Plaintiffs costs and disbursements incurred by reason of the removal proceedings.

## POINT II

### PLAINTIFFS NEED NOT EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO INSTITUTING THIS ACTION

Defendants continue to completely mischaracterize the nature of Plaintiffs' claims and

further disregard decades of controlling case law when they argue that this Court should defer to a pending administrative proceeding, "[s]ince Plaintiffs have already invoked their administrative remedies under the DBA by filing a complaint with NYCHA, Plaintiffs cannot now seek to require the Court to craft additional remedies in their favor." [Def. Memo, p.10]. This *identical argument* was raised, and rejected, by the New York Court of Appeals in Cox.

The plaintiffs in Cox had already filed administrative complaints with NYCHA regarding their underpayment of wages prior to filing suit under in New York state court. Rejecting the defendants' argument that the claims could not be brought in tandem, the New York Court of Appeals held that:

> Defendants rely on regulations of the Department of Labor, promulgated to implement the DBA "and Related Acts" (29 CFR 5.1 *et seq.*). More specifically, they point to 29 CFR 5.5, 5.6 and 5.7, relating to contract provisions, enforcement of those provisions, and reports to the Secretary of Labor. It is not obvious from the face of these regulations how they apply, if at all, where, as here, the party employing a contractor is not a federal agency; but we need not puzzle over this problem, because in any event the regulations give no rights to workers to initiate or take part in any enforcement proceedings. The enforcement contemplated by 29 CFR 5.6 is enforcement by governmental agencies. *The only way for workers to get the benefit of the regulations is to call violations of law to an agency's attention and hope for the best – a course plaintiffs have already pursued, with very little success.*

Cox, supra, 10 N.Y.3d at 606 (emphasis added)

The Court analyzed the text of the Davis-Bacon Act and its implementing regulations at length, along with the legislative history of the Act, and determined that the federal statutes and regulations "do not provide any means, let alone an arguably exclusive means, by which workers who are paid less than the legally-required minimum may vindicate their rights." Cox, supra, at 607. Thus, an argument that workers' state common-law claims are displaced by federal law "boils down to a claim that they have no remedy at all." Cox, supra, at 606.

In fact, no court in New York State has ever required a worker employed by a private

contractor to exhaust administrative remedies before maintaining a common law breach of contract action to recover unpaid prevailing wages and supplemental benefits. <u>Pesantez, et al. v. Boyle Envtl. Servs., Inc.</u>, Sup Ct, NY Co., Mar. 27, 1995, Cahn, J., Index No. 128988/93 at 6, <u>aff'd</u>, 251 A.D.2d 11 (N.Y. App. Div. 1st Dep't 1998) ("[T]he Court of Appeals has held that the statutory scheme is not exclusive and a private right of action exists to assert a breach of contract claim based upon the employer's agreement with the public entity.")[6]

Similarly, Defendants' argument that Plaintiffs' claims must fail under the "artful pleading doctrine" is entirely erroneous. [Def. Memo., pp. 4-5, 7.] The artful pleading doctrine is triggered where a Plaintiff engages in "'artfully pleading' his complaint as if it arises under state law where the plaintiffs' suit is, in essence, based on federal law." <u>Sullivan v. Am. Airlines, Inc.</u>, 424 F.3d at 271; <u>see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 22 (U.S. 1983) ("It is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.") Since it is abundantly clear that *there is no cause of action or administrative mechanism under federal law* that allows for the recovery of wages set pursuant to the Davis-Bacon Act, it is impossible for Plaintiffs' claims to be "based on federal law." <u>Sullivan, supra</u>. However, since New York's highest court has specifically held that New York law gives workers such as plaintiffs a remedy here, it is clear that Plaintiffs' claims arise *solely* under New York law.

---

[6] <u>See also Andrzejewski v. Interphase Co., Ltd.</u>, Sup Ct, NY Co., Feb. 15, 1996, Crane, J., Index No. 131657/94 at 5, 6 (holding that "Section 220 does not state that it is the exclusive remedy for workers seeking unpaid prevailing wages and supplemental benefits. It merely provides one means by which workers may pursue a remedy"); <u>Mercado v. Dede Construction Corp.</u>, Sup Ct, NY Co., Aug. 27, 2003, Cahn, J., Index No. 601811/02 at 7 ("the statutory scheme was not intended to either supersede or extinguish the right of private employees to pursue common-law contractual claims against a subcontractor, or general contractor"); <u>Encavnacion v. Gerry's Contracting Co., Inc.</u>, Sup Ct, NY Co., July 12, 1996, Cahn, J., Index No. 108026/95 at 6 ("the Court of Appeals has held that § 220's method of enforcing the statutory wage requirements is not exclusive and a private right of action exists to bring a breach of contract claim based on the employer's contract with the public entity"); <u>Kirk v. DellaPenna Bros., Inc.</u>, Sup Ct, Broome Co., Nov. 28, 2000, Monserrate, J., Index No. 2000-1037 at 8 ("plaintiff class can proceed on its breach of contract claims, subject to a set-off for any amounts recovered by the Labor Department").

Undoubtedly, and contrary to the Defendants' contentions, Plaintiffs do have the right to pursue their common law claims to recover wages for the work that they performed on the Ingersoll Houses project. Because <u>Cox</u> specifically rejected the notion that a worker on a federally-financed project for NYCHA has to file an administrative complaint before commencing a private right of action in New York courts under New York law,[7] and because these rights are neither mutually exclusive nor otherwise conflicting, Plaintiffs are not constrained by administrative remedies. Accordingly, this Court should deny Defendants' motion in its entirety.

## CONCLUSION

For the reasons stated above, and in the accompanying Declaration of Lloyd Ambinder, Plaintiffs respectfully request that this Court grant Plaintiffs' motion to remand this action to the Supreme Court of the State of New York, New York County, deny Defendants' cross-motion to dismiss as moot, and award Plaintiffs the costs and disbursements incurred by reason of the removal proceedings.

Dated: New York, New York
      November 12, 2012

                                         VIRGINIA & AMBINDER, LLP

                                                /s/
                                        By: Lloyd Ambinder, Esq.
                                        111 Broadway, Suite 1403
                                        New York, New York 10006
                                        Tel:   (212) 943-9080
                                        Fax:   (212) 943-9082
                                        New York, New York 10006

**To:**

Eric Su, Esq.
Tarter Krinsky & Drogin LLP
1350 Broadway, 11th Floor

---

[7] "Since plaintiffs have no remedy under the federal regulations, defendants' 'exhaustion' argument boils down to a claim that they have no remedy at all – that they must wait, perhaps forever, for an agency to act." <u>Cox</u>, <u>supra</u>, 10 N.Y.3d at 606.

New York, New York 10018
*Attorneys for Defendant*
*Pro-Metal Construction, Inc.*

Allan Bahn, Esq.
Bahn Multer & Gold LLP
555 Fifth Avenue, 14th Floor
New York, New York 100017
*Attorneys for Defendant*
*STV Construction, Inc.*