UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DURIM ISUFI and ENVER KILLOGJERI, individually on behalf of all other persons similarly situated who were employed by PROMETAL CONSTRUCTION, INC., with respect to certain Public Works Projects awarded by THE CITY OF NEW YORK, THE NEW YORK CITY HOUSING AUTHORITY

Plaintiffs,

– against –

PROMETAL CONSTRUCTION, INC. and STV CONSTRUCTION, INC.,

Defendants.

**MEMORANDUM, ORDER, AND JUDGMENT**

12-CV-5225

Table of Contents

I. Introduction ................................................................................................................. 1
II. Facts and Procedural History ..................................................................................... 4
III. Removal Standard ...................................................................................................... 5
IV. Federal Question Jurisdiction .................................................................................... 6
   a. Disputed and Substantial Federal Issue ................................................................ 7
   b. Artful Pleading Doctrine ..................................................................................... 10
V. Conclusion ................................................................................................................. 13

I. **Introduction**

This case presents a vexing problem on the relationship of substantive law governing wage disputes and procedural law governing removal.

Plaintiffs are a putative class of workers formerly employed by defendant Pro-Metal Construction, Inc. ("Pro-Metal"). Compl. ¶ 3, Oct. 18, 2012, ECF No. 1. They worked as roofers and sheetmetal laborers, and performed other construction jobs, for a federally-funded

1

project at a public housing complex in Brooklyn. *Id.* The class of putative plaintiffs is comprised of at least sixty employees. *Id.* ¶ 8. They sue Pro-Metal and the general contractor STV Construction, Inc. ("STV") for their failure to pay prevailing wages, benefits, and overtime. Claims are brought under state common and statutory law.

Defendants removed the case from State court. Plaintiffs move to remand to state court, and Defendants' move to dismiss.

The forum where plaintiffs litigate the action may be dispositive of their claims. In two cases with almost the same facts, the Court of Appeals for the Second Circuit and the New York State Court of Appeals disagreed on whether plaintiffs' common law claims for prevailing wages are preempted by federal law. As a result, the outcome may differ depending on whether the parties commence the suit in a federal or a state court. It may be appropriate for the appellate courts to revisit the issue.

In *Grochowski v. Phoenix Const.*, 318 F.3d 80 (2d Cir. 2003), the Court of Appeals for the Second Circuit found the federal Davis Bacon Act ("the Act"), 40 U.S.C. § 3141 *et seq*, providing for prevailing wages, does not allow a private right of action, preempts workers from bringing state breach of contract claims for unpaid prevailing wages, and requires aggrieved plaintiffs to pursue remedies administratively with the New York City Housing Authority (NYCHA).

*Cox v. NAP Constr. Co., Inc.*, 10 N.Y.3d 592, 606-607 (N.Y. 2008), a decision by the New York Court of Appeals, disagreed with the *Grochowski*'s majority opinion. Adopting Judge Lynch's dissent in *Grochowski*, it found no federal preemption, and held that laborers performing federally-funded work at NYCHA projects may pursue state contract claims for prevailing wages in a state court without first seeking administrative remedies.

Pursuant to *Grochowski*, defendants argue that the preemption of plaintiffs' common law claims by the Act serves as the basis for both removal on the grounds of federal question jurisdiction and then dismissal on the merits. They assert that plaintiffs' only remedy is an administrative proceeding before the NYCHA.

Even though Judge Lynch's dissent in *Grochowski* appears to be correct, federal courts operate within a hierarchical system. *See Grochowski*, 318 F.3d at 89-91 (Lynch, J. dissenting) ("Surely, some powerful legal reason must compel a conclusion so inconsistent with common sense, common law, and common justice."). A district court within this circuit must follow the law as interpreted by the Court of Appeals for the Second Circuit. Given a conflict between a decision by a majority panel of the Second Circuit on the one hand, and, on the other, a dissenting opinion to that decision and a New York Court of Appeals decision, this court would be forced to follow the majority opinion by the Court of Appeals for the Second Circuit. That is true even if a subsequent opinion by the New York Court of Appeals correctly decided the issue. Were the present case brought in a federal district court, as was the *Grochowski* action, the court would be compelled to reject the ruling of the New York State Court of Appeals.

But, since this action was initiated in a New York State court, and preemption is a federal defense that is not a basis for removal, this court is compelled by governing federal practice approved by the Supreme Court of the United States to remand. While recognizing that it could not deviate from the controlling law of the Court of Appeals for the Second Circuit as to the substantive merits of this case, this court is compelled to follow federal procedural law governing when removal is proper. Since the parties concede there is also no diversity, removal was improper. *See* Tr. 3:9-13, Feb. 27, 2013.

3

After remand, defendants are free to make their arguments concerning preemption in State court. The action is remanded to state court.

## II. Facts and Procedural History

In October 2009, STV entered into a contract ("the Contract") with NYCHA. *See* Decl. of Judith E. Held ("Held Decl.") Ex. A, Nov. 5, 2012, ECF No. 13. STV was to serve as the general contractor for the "comprehensive modernization" of NYCHA's Walt Whitman and Raymond V. Ingersoll Houses in Brooklyn. *Id.* at 1; Held Decl. ¶ 2. In March of 2011, STV subcontracted with defendant Pro-Metal for roof installation and related work. Held Decl. Ex. B ("Subcontract"); Held Decl. ¶ 2. Pro-Metal was to furnish labor, materials, and other equipment required by the Subcontract. Compl. ¶ 14.

The Contract and Subcontract state that the defendants, as the general and sub- contractors shall:

> "pay all laborers and mechanics...not less than the wages prevailing in the locality of the Project...pursuant to Federal wage requirements set forth 40 U.S.C. § 3141 et seq (formerly known as the Davis-Bacon Act) and other related laws and regulations." Held Decl. Ex. A §38.1.3 ("Prevailing Rate of Wages"); Ex. B Article 35 (C) (same).

According to the defendants, they were required to pay workers the prevailing wages because NYCHA received funding for this project with federal stimulus money under the American Recovery and Reinvestment Act of 2009. *See* Defs. Mem. of Law in Supp. of Cross-Mot. to Dismiss and in Opp. to Pls. Mot. to Remand ("Defs. Mem.") at 8, Nov. 5, 2012, ECF No. 14; Held Decl. ¶¶ 3, 6 (citing Contract and Subcontract). Attached to both agreements is the schedule of prevailing wages for various jobs. *E.g.*, Held Decl. Ex B (including schedule with Contract).

Plaintiffs sued both defendants in New York Supreme Court for the failure to pay these wages, supplemental benefits, and overtime compensation. Compl. ¶¶ 18-19. They assert three

4

claims. One is for a breach of contract against STV for failing to *pay* requisite wages and benefits. Compl. ¶¶ 28-32. Another is for breach of contract against Pro-Metal for failing to *ensure* that plaintiffs received proper compensation. Compl. ¶¶ 20-24. These two causes of action are based upon the Contract and Subcontract. *See e.g.*, Compl. ¶¶ 13-16, 22. The plaintiffs assert that they were third-party beneficiaries. Pls. Mem. of Law in Supp. of Mot. to Remand ("Pls. Mem.") at 2, Oct. 24, 2012, ECF No. 6. The third cause of action alleges that Pro-Metal failed to pay the plaintiffs statutorily required overtime wages for the work they did in excess of forty hours per week under New York law. *See* N.Y. Lab. Law § 663; 12 N.Y.CRR § 142-2.2; Compl. ¶¶ 25-27.

The case was removed to this court by defendants. In October 2012, plaintiffs filed a motion to remand this proceeding to state court for lack of a federal question. *See* 28 U.S.C. § 1331; Pls. Mot. to Remand, ECF No. 5. Defendants then filed a cross-motion to dismiss the action for failure to state a claim of relief. *See generally* Notice of Cross-Motion to Dismiss, Nov. 5, 2012, ECF No. 10; Defs. Mem. Since the motion to remand is granted, there is no point to deciding the merits. *See, e.g.*, *County of Nassau v. New York*, 724 F.Supp.2d 295, 300 (E.D.N.Y. 2010) ("The Court will address plaintiffs' remand before addressing defendants' motions because the remand motion challenges the Court's jurisdiction to hear this case. If the Court does not have jurisdiction, it does not have power to decide the defendants' motions.") (citing *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005)).

### III. Removal Standard

A party may remove from state to federal court any action over which the district court has original jurisdiction. 28 U.S.C. § 1441. District courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (internal citation omitted). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l. Bank v. Anderson*, 539 U.S. 1, 6 (2003). The removing party bears the burden of establishing federal jurisdiction. *See, e.g., Durak v. Enterprise Elec., Contractors, Inc.*, 07-CV-5360 (CBA), 2009 WL 877183, at *1 (E.D.N.Y. Mar. 30, 2009) (citing cases).

## IV. Federal Question Jurisdiction

"Under the well-pleaded complaint rule, 'the plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Citigroup, Inc. v. Wachovia Corp.*, 613 F.Supp.2d 485, 490 (S.D.N.Y. 2009) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). In the absence of a federal cause of action in the well-pleaded complaint, federal question jurisdiction exists if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (quoting *Grable & Sons Metal Prods. V. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). A "case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983).

"[A] plaintiff may not defeat subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." *Sullivan*, 424 F.3d at 271. The basis for this rule is that the plaintiff "may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22.

In the present case, the plaintiffs do not assert a federal cause of action. The defendants argue that federal question jurisdiction must be deemed to exist because of: 1) an "actually disputed and substantial" federal issue and 2) the artful pleading doctrine. *See* Defs. Mem. at 4-5, 11-14. Both arguments are without merit.

### a. Disputed and Substantial Federal Issue

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Rather, as the Supreme Court held in *Grable*, "the question is does a state-law claim necessarily raise a stated federal issue, *actually disputed and substantial*, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314 (emphasis added).

A disputed and substantial question sufficient to confer federal jurisdiction is one that is an "essential element" of a plaintiff's claim and requires a court to examine a contested issue of federal law in order to resolve the plaintiff's cause of action. *See e.g., Grable*, 545 U.S. at 315 (finding the existence of federal jurisdiction because an essential element of plaintiff's quiet title action was improper notice, requiring the Court to interpret federal tax law on the meaning of adequate notice prior to the seizure of property); *Gunn v. Minton*, No. 11-1118, 2013 WL 610193 (Feb. 20, 2013) (applying *Grable* and finding no federal question jurisdiction for state

legal malpractice claim premised on patent litigation, a subject over which federal courts have exclusive jurisdiction, because case did not present a substantial issue of federal patent law); *Citigroup, Inc. v. Wachovia Corp.*, 613 F.Supp.2d 485, 495 (S.D.N.Y. 2009) (applying *Grable* and finding no federal jurisdiction because neither plaintiff's right to relief nor any element of its claims "depended on a construction of federal law" or an "analysis or interpretation of a federal statute"); *Broder v. Cablevision Systems Corp.*, 418 F.3d 187 (2d Cir. 2005) (removal appropriate under *Grable* because plaintiff sought a declaratory judgment that Cablevision violated federal law and plaintiff's state law claims explicitly required the court to determine that defendant violated federal uniform rate requirements); *County of Nassau*, 724 F.Supp.2d at 302-304 (distinguishing *Grable* and *Broder* and finding no federal jurisdiction because plaintiff's *claims* did not raise or require the resolution of a federal issue) (emphasis added).

A federal defense such as preemption is not a proper basis for removing an action to federal court. *See Franchise Tax Bd.*, 463 U.S. at 14 ("settled law that a *case may not be removed to federal court on the basis of a federal defense, including the defense of preemption*...even if both parties admit that the defense is the only question truly at issue in the case") (emphasis added); *Beneficial Nat'l Bank*, 539 U.S. at 6 ("[A] defense that relies on the preclusive effect of a prior federal judgment...or the pre-emptive effect of a federal statute...will not provide a basis for removal.") (internal citations omitted). *See also Rivet v. Regions Bank of La.*, 522 U.S. 470, 471 (1998) ("Because a defense is not part of a plaintiff's properly pleaded statement of his or her claim...removal of a case to federal court may not be predicated on the presence of a federal defense.").

The defendants argue that removal is proper in this instance because the project was federally-funded and the obligation to pay plaintiffs' prevailing wages was governed by the Act,

a federal statute. *See* Notice of Removal ¶ 3, Oct. 18, 2012, ECF No.1. They assert that the disputed and substantial issue underlying federal jurisdiction is that the Act applies to preempt plaintiff's common law claims for unpaid wages. *See* Defs. Mem. at 11-14. For this proposition they cite *Grochowski v. Phoenix Const.*, 318 F.3d 80 (2d Cir. 2003). In *Grochowski*, the Court of Appeals for the Second Circuit determined that construction workers at NYCHA housing projects, similarly situated to the plaintiffs in this case, could not bring any state law breach of contract claims against their employers for the failure to pay prevailing wages. The contracts at issue involved federally-funded work and required prevailing wages pursuant to the Act. *Id.* at 83. *Grochowski* did not involve removal. The plaintiffs sued in federal court. The Court of Appeals held that the Act preempted plaintiff's state law claims because they constituted an "impermissible end run" around the statute's lack of a federal private right of action. *See id.* at 86. Citing mainly to *Grochowski*, the defendants also argue that plaintiffs' common law claims must be dismissed on the merits because of preemption under the Act.

In essence, the defendants argue that federal preemption under the Act serves as the basis to both remove this case to federal court *and* then to dismiss it on the merits. *See generally* Defs. Mem. at 8-14. With respect to the question of removal, they have failed to meet their burden of demonstrating the existence of an actually disputed and substantial federal issue raised by the complaint sufficient to give this court jurisdiction over this case.

The language in the Contract and Subcontract do suggest that the Davis Bacon Act provided the schedule of prevailing wage and benefit rates for this project as a matter of contract law. *See* Held Decl. Ex. A §38.1.3 ("pay all laborers and mechanics...not less than the wages prevailing in the locality of the Project...pursuant to Federal wage requirements [in the Davis Bacon Act] and other related laws and regulations." "); Ex. B Article 35 (C) (same); Pls. Second Mem. at 4.

9

Yet the Act did not set the rates of wages attached to the contracts under federal law. All three of plaintiff's claims would involve purely state common or statutory law. *C.f. Durak v. Enterprise Electrical, Contractors, Inc.*, 07-CV-5360 (CBA), 2009 WL 877183 (E.D.N.Y. Mar. 30, 2009) (remanding action brought by workers on a NYCHA project because defendants failed to offer competent evidence that Davis Bacon Act set prevailing wages).

Plaintiffs sue for wages owed to them under the *contract*. They do not bring claims under the Act. Whether the Act was violated is not an essential element of any of their claims. Nor do the plaintiffs seek resolution of any question regarding the Act's application as part of their right to relief. They do not contest the prevailing wage rates in the contract schedule, nor the fact that the statute does not allow for a federal private right of action. The reason they brought their action in state court is because the federal court does not afford them any relief under *Grochowski*. *See* Pls. Mem. of Law in Further Supp. Of Pls. Mot. to Remand and in Opp. To Defs. Cross-Motion to Dismiss at 8, Nov. 12, 2012 ECF No. 18.

Preemption is a defense. The defendants are free to make their arguments about preemption in state court. But that cannot serve as the grounds to remove the case. The well-pleaded allegations in plaintiff's complaint do not raise any "actually disputed and substantial" federal issues.

### b. Artful Pleading Doctrine

Defendants argue that plaintiffs artfully pleaded their complaint to avoid referring to the Davis Bacon Act in order to avoid federal question jurisdiction. *See, e.g.*, Defs. Mem. at 4, 14.

When examining a plaintiff's "artfully (i.e. misleadingly) pleaded complaint, the federal court may construe the complaint as if it raised the federal claim that actually underlies

10

plaintiff's suit." *Sullivan*, 424 F.3d at 271-72. Included within this doctrine is the concept of complete preemption, which is a "narrow exception" to the well-pleaded complaint rule. *Id.* at 272; *Beneficial Nat'l. Bank*, 539 U.S. at 5 ("narrow exception"); *County of Nassau*, 724 F.Supp.2d at 305 ("[I]n this circuit, [the artful pleading doctrine] includes within it the doctrine of complete preemption."). "Under the doctrine of complete preemption, certain federal statutes are construed to have such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims- i.e., completely preempted." *Sullivan*, 424 F.3d at 272 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

The critical question for complete preemption is whether the federal statute "wholly displaces the state law [claim]" so that the federal statute provides the *exclusive* cause of action. *Beneficial Nat'l. Bank*, 539 U.S. at 8-9. *See City of Rome*, 362 F.3d at 177-78 (federal statute must provide "exclusive cause of action") (citing *Beneficial Nat'l. Bank*). A plaintiff's completely preempted state law claim makes the case removable to federal court because it is in reality premised on federal law. *Beneficial Nat'l. Bank*, 539 U.S. at 1.

"The Supreme Court has only found three statutes to have the requisite extraordinary preemptive force to support complete preemption: § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185...§ 502 (a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132 (a)...and §§ 85 and 86 of the National Bank Act...." *Sullivan*, 424 F.3d at 272. *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968) (LMRA); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (ERISA); *Beneficial Nat'l. Bank v. Anderson*, 539 U.S. 1 (2003) (finding complete preemption under the National Bank Act after first acknowledging that there were previously only "two categories of cases where this Court has found" the doctrine to

apply). Complete preemption is categorically different from ordinary, or defensive, preemption. *Sullivan*, 424 F.3d at 272. The number of federal laws for which ordinary preemption exists far exceeds the three statutes that have been found to completely preempt state law claims. *Id.* at 272-73. "The Supreme Court has left no doubt…that a plaintiff's suit does not arise under federal law simply because the defendant may raise the defense of ordinary preemption." *Id.* at 273. *See City of Rome*, 362 F.3d at 177-78 (distinguishing between ordinary preemption as a "complete federal defense" for which removal is improper, and complete preemption when a federal statute provides the "exclusive cause of action" for which removal is appropriate).

The Davis Bacon Act is not one of the three statutes for which complete preemption applies, and the defendants have failed to demonstrate otherwise. The Act does not create an exclusive cause of action in its provision of an administrative remedy. *See Cox v. NAP Constr. Co., Inc.*, 10 N.Y.3d 592, 606-607 (N.Y. 2008) (holding that the Davis Bacon Act does not preempt workers' state law claims for prevailing wages for federally-funded work done at NYCHA projects, nor does any administrative remedy in the statute or accompanying regulations provide the exclusive means to vindicate their rights); *Chan v. City of New York*, 1 F.3d 96 (2d Cir. 1993) (leaving open the possibility that although no action could be brought under the Davis Bacon Act, one could be brought under 42 U.S.C. § 1983).

*Grochowski* considered plaintiff's state contract claims for prevailing wages on their merits, affirming summary judgment for the defendants. Since the plaintiffs brought their suit in federal court, the decision did not examine the preemptive scope of the Act for the purposes of jurisdiction. Although the Court of Appeals for the Second Circuit held that the Act preempted plaintiff's state common law claims, it recognized, and did not disturb, its prior holding in *Chan* that the Act did not provide an exclusive cause of action. *Grochowski*, 318 F.3d. at 85-86 ("The

Court [in *Chan*] determined that...there is no statement that the administrative remedies are exclusive...Here, the plaintiffs did not bring a § 1983 action....Unlike claims brought under § 1983, there is no presumption in favor of a right to bring suit for such common law claims.").

Complete preemption does not exist where a state action must be removed because it is preempted by a federal statute, but where the federal court must then immediately dismiss the removed action because the same statute provides only for non-judicial remedies. *See Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267 (2d Cir. 2005) (finding removal improper where the federal statute that preempts plaintiffs' state law claims provides an arbitration panel with primary jurisdiction, requiring the federal court to dismiss the action if removed). It would be "internally inconsistent" to assert that a district court has jurisdiction for the purpose of removal but that the court must then dismiss the action because the statute confers primary jurisdiction on another adjudicative body. *Id.* at 276-77.

## V. Conclusion

Plaintiffs' motion to remand this action to state court is granted. Because the court does not have jurisdiction, it will not decide defendants' motion to dismiss. No costs or disbursements are awarded.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: February 28, 2013
Brooklyn, New York